**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SIDNEY LEGRAY CARTER,**

        **Plaintiff,**           **CIVIL ACTION NO. 16-cv-13073**

        **v.**              **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Sidney Legray Carter seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 17).  The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 3.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.    RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**.

## II.     PROCEDURAL HISTORY

Plaintiff protectively filed an application for supplemental security income on June 26, 2013, alleging that he has been disabled since April 27, 2008, due to injuries to his left leg, shoulder, abdominal wall, and chest; arterial injuries; neuropathy in his left leg; post-traumatic stress disorder (PTSD); left tibial plateau and fixation; cognitive delay; and sleep apnea.  (TR 136-41, 148, 152.)  The Social Security Administration denied Plaintiff's claims on January 31, 2014, and Plaintiff requested a *de novo* hearing.  (TR 60-75, 88-90.)  On May 6, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Anthony R. Smereka.  (TR 24-59.)  The ALJ issued an unfavorable decision on May 15, 2015, and the Appeals Council declined to review the decision.  (TR 1-5, 8-19.)  Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III.     HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 15 at 5-7) and the ALJ (TR 15-17, 18-19) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Defendant adopts the ALJ's recitation of the facts and concurs with Plaintiff's recitation to the extent that it is consistent with the ALJ's.  (Docket no. 17 at 4.)  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of June 26, 2013, and that Plaintiff suffered from the following severe impairments: "complex pain syndrome; frozen left shoulder; left knee derangement; s/p motor vehicle accident (April 27, 2008); and fractured tibia (July 23, 2009)."  (TR 13.)  The ALJ also found that Plaintiff's sleep apnea, cognitive delay, PTSD, and left leg pain/neuropathy were not medically determinable impairments, and that his abdominal wall injuries and depression were non-severe impairments.  (TR 13-14.)  Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (TR 15.)  The ALJ then found that Plaintiff had the following RFC:

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except no hazards, including work at unprotected heights; no climbing of an[y] ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs; no more than occasional balancing, stooping, kneeling, crouching; no crawling; no reaching above shoulder level and no more than occasional reaching with the left non-dominant upper extremity; the need for a sit/stand option that allows the claimant to perform the work either sitting or standing and allowing for a change of position every 30 minutes; no driving in the course of employment and no foot controls; no concentrated exposure to vibration and extreme cold; and the ability for unskilled work.

(TR 15-18.)  Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy.  (TR 18-19.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since June 26, 2013, the date the application was filed.  (TR 11, 19.)

# V.  LAW AND ANALYSIS

## A.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").  "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

**B.      Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)      Plaintiff was not presently engaged in substantial gainful employment; and

(2)      Plaintiff suffered from a severe impairment; and

(3)      the impairment met or was medically equal to a "listed impairment;" or

(4)      Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).   This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

## C.    Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration."  *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because (1) the ALJ erred by finding that Plaintiff could perform sedentary work; (2) the ALJ's decision is not supported by substantial evidence; and (3) the ALJ assessed Plaintiff's credibility without considering the impact of Plaintiff's non-exertional impairments on his testimony. (Docket no. 15 at 8-14.)

### 1.    The ALJ's Determination That Plaintiff Can Perform Sedentary Work

In this portion of his brief titled, "The Administrative Law Judge Committed Legal Error by Finding That Plaintiff Could Perform Sedentary Work," Plaintiff makes three distinct arguments, none of which are directly related to the ALJ's determination that Plaintiff can perform sedentary work.  (Docket no. 15 at 8-11.)

Plaintiff primarily contends that the ALJ erred because he "failed to consider the opinions of Plaintiff's treating physicians which give precedence over a vocational expert's opinion." (Docket no. 15 at 10-11.)  In other words, Plaintiff contends that the ALJ erred by crediting the testimony of the VE over the opinions of his treating physician, Todd T. Best, M.D.[1]  Plaintiff's argument lacks merit.  The ALJ did not credit the VE's testimony *instead of* Dr. Best's opinion. Actually, the two opinions apply to different steps of the sequential evaluation process and are simply not comparable.  Here, before the ALJ proceeded to step four of the sequential evaluation process, he weighed the medical and non-medical evidence (including Dr. Best's opinion[2]) in conjunction with Plaintiff's subjective complaints and developed an RFC based on the evidence that he found to be credible.  Indeed, at all times, the ultimate responsibility for fashioning the RFC rests with the ALJ.  After assessing Plaintiff's RFC, the ALJ then relied upon the VE's testimony at step five of the sequential evaluation process to determine whether there are jobs available in the national economy for a person with Plaintiff's RFC.  Accordingly, the ALJ did not rely upon the VE's testimony to formulate Plaintiff's RFC.

Moreover, the ALJ did not err in relying on the testimony of the VE to determine the number of jobs available.  It is undisputed that the VE was qualified to testify as an expert concerning the availability of jobs for a person with Plaintiff's RFC.  In fact, Plaintiff's counsel did not object to the VE testifying as an expert at the administrative hearing (TR 48), and Plaintiff does not challenge the VE's qualifications in this appeal.  (*See* docket no. 15.) Plaintiff's argument that the ALJ committed "legal error" by failing "to consider the opinions of Plaintiff's treating physicians which give precedence over a vocational expert's opinion" is

---

[1] Plaintiff does not specifically identify which "opinions of Plaintiff's treating physicians" the ALJ allegedly failed to properly credit.  (*See* docket no. 15 at 8–11.)  Dr. Best's opinion is, however, the only physician's opinion that the ALJ discusses in his decision.  (TR 17.)

[2] As previously mentioned, Plaintiff does not mention Dr. Best by name, and notably, he does not specifically challenge the ALJ's assessment of Dr. Best's opinion.

unfounded and reflects a misunderstanding of the role of the VE vis-à-vis treating physicians. Plaintiff's Motion should be denied in this regard.

Plaintiff also argues that all of the functions of the jobs identified by the VE as ones that a person with Plaintiff's RFC could perform, i.e., a security guard, a sorter, an assembler, and a product finisher, "entail specific movements that Plaintiff is not medically inclined to do and due to his medical impairments he does not have the functional capacity to perform these duties." (Docket no. 15 at 8.) He similarly argues that "[t]he job duties that these specific positions entail require numerous bodily movements that Plaintiff continues to struggle with and causes him pain. These job functions would cause him to have significant issues and an aggravation to the severe impairments he suffers from." (*Id*. at 8-9.) As Defendant points out, however, Plaintiff fails to specify which duties or which body movements he struggles with or cannot do. (*See* docket no. 17 at 10.) In fact, Plaintiff fails to develop this argument in any way, and his blanket statements of error are insufficient to allow the Court to perform a meaningful review. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted).

In this portion of his brief, Plaintiff also suggests that the ALJ erred by considering Plaintiff's work ethic in assessing Plaintiff's credibility, because it is "irrelevant to whether or not Plaintiff is able to work." (Docket no. 15 at 10.) Plaintiff is incorrect. A claimant's proven motivation to work (or not work) is an appropriate factor to consider when assessing credibility. *See Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). Accordingly, Plaintiff's Motion should be denied with regard to this issue.

## 2. The ALJ's Assessment of Plaintiff's Girlfriend's Opinion

In his second argument, Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ did not properly credit the Adult Third Party Function Report completed by Plaintiff's girlfriend, Kara Boykin.[3] (Docket no. 15 at 11–12.) With regard to Ms. Boykin's report, the ALJ stated:

> I grant little weight to the third party non-medical opinion provided by Kara Boykin who is the claimant's girlfriend. (Exhibit 3E). The degree of limitation alleged in this form is unsupported by the objective evidence. Further, Ms. Boykin is not impartial and is without professional qualifications.

(TR 17.)

Pursuant to 20 C.F.R. §§ 404.1513 and 416.913, an ALJ "'may . . . use evidence from other sources,'" such as Ms. Boykin, "but there is no requirement that the ALJ do anything more than consider the other source evidence." *Mullins v. Comm'r of Soc. Sec.*, No. 2:14-CV-13288, 2015 WL 3441163, at *13 (E.D. Mich. May 28, 2015) (quoting 20 C.F.R. § 404.1513)); *see also* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Here, it is clear that the ALJ complied with his legal obligation to consider Ms. Boykin's report. Plaintiff's Motion should therefore be denied in this regard.

---

[3] Plaintiff also argues that:

> [A]ll the Administrative Law Judges in Livonia, Michigan have owed our office in majority cases [sic] involving individuals under age 55 and have consistently made adverse credibility determinations because they lack the ability to understand the real lives of the claimants. They tend to make adverse decisions solely based on the age of the claimant's [sic] since they are considered younger individuals. However, every case is different, every claimant is different and just because a claimant is considered a younger individual does not mean that they are not disabled and have the abilities [sic] to work.

(Docket no. 15 at 12.) Plaintiff offers no real support or basis for this argument or for the proposition that the resolution of other claims is relevant to the resolution of his claim. The undersigned will therefore not address this argument any further.

### 3. The ALJ's Assessment of Plaintiff's Credibility

Lastly, Plaintiff argues that the ALJ failed to properly evaluate his credibility. (Docket no. 15 at 13-14.) "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.[4] "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ will consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms, (3) precipitating and

---

[4] SSR 96-7p has been superseded by SSR 16-3p, effective March 28, 2016. *See* SSR 16-3p, 2016 WL 1119029, at *1; 2016 WL 1237954. Nevertheless, because the ALJ's decision in this matter was rendered prior to the effective date of SSR 16-3p, the ALJ was obligated to comply with SSR 96-7p. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.")

aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for symptom relief, (6) any measures used to relieve the symptoms, and (7) functional limitations and restrictions due to the pain or other symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p; *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ considered and discussed Plaintiff's hearing testimony and other subjective complaints in conjunction with the record evidence, and he found that Plaintiff's allegations were not entirely credible.  (TR 16.)  Plaintiff challenges this finding, arguing:

> In making his credibility determinations, the Administrative Law Judge failed and neglected to make specific findings and failed to consider the impact of the non-exertional impairments on Plaintiff's ability to function.  For example, there was no discussion about Plaintiff's mental abilities or any other medical conditions as it related to his ability to deal with his chronic pain, nor was there a discussion about his medications and the effect of his medications on his motivation to work.

(Docket no. 15 at 13.)  Plaintiff's arguments fail.  In fact, a plain reading of the ALJ's decision blatantly shows that Plaintiff is incorrect.  With regard to Plaintiff's pain and medications, the ALJ stated:

> The claimant's injuries support the presence of some ongoing pain, and Dr. Best's notes show the claimant is prescribed several pain medications.  However, the claimant has not required emergency treatment for pain since the injuries occurred.  Dr. Best's records also do not indicate he exhibited pain signs of such severity.  The claimant's pain supports restriction to unskilled work.  This undercuts his testimony regarding the level of his pain.

(TR 16.)  With regard to Plaintiff's mental health and abilities, the ALJ explained:

> I do not find the claimant fully credible.  The claimant's presentation during the psychiatric exam was *sharply inconsistent* with any other office visit in the file.  It also lacks credibility due to the lack of mental health treatment that would be required if the claimant actually had such psychiatric symptoms as he displayed in Exhibit 14F.  Dr. Boneff strongly suggested the claimant was exaggerating his conditions and symptoms.  The claimant also displayed significant deficits during the physical exam that are not shown elsewhere, particularly Dr. Best's notes, and also suggestive of exaggeration.  (Exhibit 12F).  The claimant also did not appear

forthright at the hearing and was not a fully credible witness. He alleged significant napping and significant cognitive deficits, which are unsubstantiated in the file. These discrepancies strongly undercut his credibility.

(TR 16-17 (emphasis in original).) The ALJ continued,

Moreover, the claimant's work history is very limited. (Exhibit 6D). This suggests poor work ethic. Dr. Best's treatment notes show no increased level of care since 2010. Even accounting for the insurance issues, it seems likely the claimant's treatment would be more intensive and varied if his pain and conditions were as severe as claimed. This further discredits him and his assertion of disability.

(TR 17.)

These portions of the ALJ's decision demonstrate that the ALJ set forth numerous legitimate reasons for discrediting Plaintiff's hearing testimony and subjective complaints in his decision and properly supported those reasons with citations to the record evidence, in accordance with his duty under SSR 96-7p. Plaintiff does not point to any evidence to contradict the ALJ's findings. Thus, the ALJ's decision is sufficiently specific to make clear to Plaintiff and to the court the weight that he gave to Plaintiff's statements and the reasons for that weight. The ALJ's assessment of Plaintiff's credibility is supported by substantial evidence and should not be disturbed. Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 15) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 17).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:  August 21, 2017              s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  August 21, 2017              s/ Leanne Hosking_____
                                     Case Manager

13